IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AKOP D., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-2502-L-BN |
| | § | |
| PRAIRIELAND DETENTION CENTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, detained at Prairieland Detention Center in this district at the time of filing, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging his detention. *See* Dkt. No. 3. United States District Judge Sam A. Lindsay referred this habeas case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On January 30, 2026, the government filed a status update, requesting dismissal of the action because Petitioner had been removed from the United States on October 20, 2025. *See* Dkt. No. 11.

While Petitioner "satisfied the jurisdictional 'in custody' requirement for purposes of pursuing relief under § 2241 at the time [he] filed [his] petition," *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)), he "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution," *id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), because a federal court's jurisdiction is

"constrained to adjudicating 'actual, ongoing controversies between litigants,'" *id.* (quoting *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).

"'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.' 'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (citations omitted). "And '[i]t is well-settled, that mootness is a threshold jurisdictional inquiry.'" *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004)); *see also Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" (citations omitted)).

Petitioner's removal from the United States is an event that moots his challenge to his detention. *See, e.g.*, *Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot." (citing *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of removal, any such challenge is now moot because Chay has been removed from the United States." (citations omitted)))).

Petitioner's removal therefore renders the Court without jurisdiction to render a judgment on his claims and requires dismissal. *Cf. Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999) ("If mootness occurred prior to the rendering of final judgment by the district court, *vacatur* and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment, and we cannot leave undisturbed a decision that lacked jurisdiction." (citing *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 72-73 (1983))).

**Recommendation**

The Court should dismiss this action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE